NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 8 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JOHN MURPHY, on behalf of himself, and those similarly situated,<br><br>    Plaintiff-Appellant,<br><br> and<br><br>GREG MASTERS; ROBERTA WEISS,<br><br>    Plaintiffs,<br><br> v.<br><br>DIRECTV, INC.; BEST BUY STORES, L.P., a Virginia Corporation,<br><br>    Defendants-Appellees,<br><br> and<br><br>DIRECTV MERCHANDISING, INC.; DIRECTV ENTERPRISES LLC; DIRECTV HOLDINGS, LLC; DIRECTV OPERATIONS LLC; THE DIRECTV GROUP, INC.; DOES,<br><br>    Defendants. | No. 19-56364<br><br>D.C. No.<br>2:07-cv-06465-AG-VBK<br><br>MEMORANDUM* |
| JOHN MURPHY, on behalf of himself, and | No. 19-56459 |

---

  \*   This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

those similarly situated,

                    Plaintiff-Appellee,

 and

GREG MASTERS; ROBERTA WEISS,

                    Plaintiffs,

 v.

DIRECTV, INC.; DIRECTV
MERCHANDISING, INC.; DIRECTV
ENTERPRISES LLC; DIRECTV
HOLDINGS, LLC; DIRECTV
OPERATIONS LLC; THE DIRECTV
GROUP, INC.,

                    Defendants-Appellants,

 and

BEST BUY STORES, L.P., a Virginia
Corporation; DOES,

                    Defendants.

D.C. No.
2:07-cv-06465-AG-VBK

Appeal from the United States District Court
for the Central District of California
Andrew J. Guilford, District Judge, Presiding

Submitted May 14, 2021[**]
Pasadena, California

---

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Before:  R. NELSON and LEE, Circuit Judges, and STEIN,[***] District Judge.

Over a decade ago, John Murphy filed a putative class action against DIRECTV over its service devices.  After a years-long battle over arbitrability, Murphy's claims were sent to arbitration, where he lost.  Murphy asked the district court to vacate the arbitrator's decision.  DIRECTV, in turn, asked the district court to grant it attorney's fees, arguing that Murphy's request was frivolous.  The district court denied both motions, and both parties now appeal.  We have jurisdiction pursuant to 9 U.S.C. § 16(a)(3) and 28 U.S.C. § 1291, and we affirm.

1. We review de novo a denial of vacatur.  *See Collins v. D.R. Horton, Inc.*, 505 F.3d 874, 879 (9th Cir. 2007).  "Our review is limited by the Federal Arbitration Act ("FAA"), which 'enumerates limited grounds on which a federal court may vacate, modify, or correct an arbitral award.'"  *Bosack v. Soward*, 586 F.3d 1096, 1102 (9th Cir. 2009) (quoting *Kyocera Corp. v. Prudential-Bache Trade Servs., Inc.*, 341 F.3d 987, 994 (9th Cir. 2003)).

Murphy's primary argument is that "where the basis for an arbitrator's decision is adoption of a ruling of the District Court, the arbitrator's decision is not reviewed under the [FAA]."  Murphy thus argues that this court must revisit the district court's arbitrability/denial-of-reconsideration decision.  Put another way,

---

[***]    The Honorable Sidney H. Stein, United States District Judge for the Southern District of New York, sitting by designation.

Murphy tries to bootstrap the earlier arbitrability decision onto a motion to vacate an arbitration award. In support, Murphy cites *McArdle v. AT&T Mobility LLC*, No. 09-cv-01117 CW, 2017 WL 4354998, at *6 (N.D. Cal. October 2, 2017). But *McArdle* simply stands for the proposition that a district court may reconsider its own interlocutory orders. *See* Fed. R. Civ. P. 54(b); N.D. Cal. Civil L.R. 7-9(b). Indeed, the Supreme Court has explicitly held that the FAA provides the "exclusive" grounds to vacate an arbitration award. *See Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 584 (2008). The arbitrability of Murphy's claim is not before this court.

Section 10 of the FAA gives the exclusive grounds for vacating an arbitration award. *See* 9 U.S.C. § 10; *see also Hall St.*, 552 U.S. at 578 (holding statutory grounds of judicial review are exclusive). Under Section 10(a)(4), an arbitration award may be vacated "where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made." 9 U.S.C. § 10(a)(4).

Murphy makes two arguments. First, he claims that the district court erred by sending his case to arbitration in light of *McGill v. Citibank, N.A.*, 2 Cal. 5th 945 (2017). But, as noted above, the district court's arbitrability determination is not before this court.

Second, he argues that the arbitrator exceeded her power in two ways. First, Murphy claims that the arbitrator recognized that she lacked jurisdiction but nevertheless continued to exercise jurisdiction. The arbitrator ruled that she was precluded from reconsidering jurisdiction under the doctrine of collateral estoppel because both the district and circuit courts had already determined that issue.

Murphy argues that "the arbitrator determined it had jurisdiction and that the case should be in arbitration solely on the grounds the District Court issued an order that gave the arbitrator jurisdiction," so "if the District Court was wrong, then the arbitrator was also wrong." Even if true, this is just his arbitrability argument in a new form, so it too must fail.

Second, Murphy argues that he raised certain claims for the first time in front of the arbitrator, so the district court could not have ruled on whether they were subject to arbitration. Yet, as the arbitrator correctly noted, these claims Murphy references "might have been put in issue" in front of the district court, so Murphy was collaterally estopped from litigating the arbitrability of those claims in front of the arbitrator. *See N. Ga. Elec. Membership Corp. v. City of Calhoun*, 989 F.2d 429, 431, 433 (11th Cir. 1993).[1] Murphy does not substantively challenge this reasoning on appeal. So neither of Murphy's arguments suggests that the arbitrator erred at

---

[1] The contract specified that Georgia law controlled, so Eleventh Circuit precedent is relevant.

all, much less exceeded her authority by exhibiting a "manifest disregard of law." *Lagstein v. Certain Underwriters at Lloyd's, London*, 607 F.3d 634, 641 (9th Cir. 2010).

2. This court reviews for abuse of discretion the district court's denial of DIRECTV's request for fees and costs pursuant to 28 U.S.C. § 1927. *See Trulis v. Barton*, 107 F.3d 685, 692 (9th Cir. 1995) (citing *Air Separation v. Lloyd's of London*, 45 F.3d 288, 291 (9th Cir. 1995)).

Under 28 U.S.C. § 1927, "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

While Murphy's arguments are meritless, they are not frivolous. The district court thus did not err in denying DIRECTV's request for attorney's fees.

**AFFIRMED.**